**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

TWAIN JEMETRE ROBINSON,
            *Defendant-Appellant.*

No. 00-4479

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-99-201-P)

Submitted: April 10, 2001

Decided: May 3, 2001

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

R. Deke Falls, BENDER & BARNETT, Charlotte, North Carolina,
for Appellant. Kenneth Michel Smith, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Twain J. Robinson pled guilty pursuant to a plea agreement to conspiracy to commit bank fraud, in violation of 18 U.S.C.A. § 371 (West 2000). Robinson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Advised of his right to file a pro se supplemental brief, Robinson has not done so.

Robinson signed a written plea agreement in which he agreed to waive the right to appeal his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. A waiver of appeal provision in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forgo an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver is ineffective if the district court fails to question the defendant about it, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000).

Here, Robinson signed the plea agreement, agreeing to waive the right to challenge the conviction or sentence with the stated exceptions. The Government summarized the plea agreement at the Fed. R. Crim. P. 11 hearing. In response to the magistrate judge's inquiry, Robinson agreed that the right to appeal the conviction and sentence was expressly waived in the plea agreement. He said he was happy with the services of his counsel and that he had heard and understood the Rule 11 proceeding. On this record, we conclude that Robinson's waiver was knowingly and intelligently made. As the only claim counsel asserts in his brief involves sentencing, it is barred by Robinson's valid waiver of his appeal rights. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal.

We therefore dismiss the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*